IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROGER ALLEN ROZZELLE,
    Petitioner,

vs.                                      Case No. 3:07cv347/RV/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the court on Petitioner's "Objection to Second Motion for Enlargement of Time and Application for Default" (Doc. 16).  Petitioner seeks a default judgment pursuant to Federal Rule of Civil Procedure 55 on the ground that Respondent's first and second motions for enlargement of time were not properly filed because they were not "signed in the attorney's original name" (*id.*).

       Initially, the basis for Petitioner's request for a default judgment is frivolous.  Respondent's motions for enlargement of time were properly signed by Respondent's counsel of record, pursuant to the procedural rules regarding electronic signatures.  *See* N.D. Fla. Loc. R. (A)(7).  Additionally, the Eleventh Circuit has held that default judgments are inappropriate in habeas corpus cases.  *See* Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases. . . .").[1]

      Accordingly, it is respectfully **RECOMMENDED**:

---

[1] Other circuits agree. *See, e.g.,* Lemons v. O'Sullivan, 54 F.3d 357, 364–65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) (concluding that default judgments are not available in habeas corpus proceedings, and that Federal Rule of Civil Procedure 55 pertaining to entry of default judgment is not applicable in habeas corpus cases).

That Petitioner's "Objection to Second Motion for Enlargement of Time and Application for Default" (Doc. 16) be **DENIED**.

At Pensacola, Florida this 14th day of March 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**